IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00110-FL

| | |
|---|---|
| EMMA VICTORIA JOHNSON HOWARD, <br><br> Plaintiff, <br><br> v. <br><br> VANCE COUNTY SHERIFF DEPT., W.B. LILLEY, *Sergeant of the Vance County Sheriff Dept., Individually and in his officially capacity*, VANCE COUNTY DISTRICT COURT, and RAYMOND EARL DICKERSON, *doing business as* T.L. PERKINSON WRECKER SERVICE, <br><br> Defendants. | ORDER AND MEMORANDUM AND RECOMMENDATION |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application is allowed. However, after reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), it is recommended that the complaint be dismissed in part for the reasons stated below.

### I. STANDARD OF REVIEW

After allowing an application to proceed *in forma pauperis*, the court must still review the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-

iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'") (citation omitted). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff seeks monetary damages and injunctive relief in the form of appointed attorney representation for indigents in civil cases, and alleges claims arising under 42 U.S.C. § 1983, based on the following series of events. Plaintiff's vehicle was stolen, and was subsequently reported as being found in Granville County on February 8, 2012. Compl. [DE-1-2] at 2, 4. Defendant Vance County Sheriff's Office authorized Defendant Raymond Earl Dickerson, doing business as T.L. Perkinson Wrecking Service ("Dickerson") to recover Plaintiff's vehicle from Granville County. *Id.* In late February 2012, Plaintiff contacted Defendant W.B. Lilley and learned that her vehicle was being processed for fingerprints. *Id.* at 4. On March 6, 2012, Plaintiff learned of a storage and mechanic's lien on her vehicle in the amount of $860.00. *Id.* at 5. In a small claims court action in

3

Vance County to determine the validity of the storage lien, the presiding magistrate granted judgment against Plaintiff in favor of Dickerson on May 2, 2012, granting Dickerson storage fees of $1,880.00 and a possessory lien on the vehicle. *Id.* at 5-6. On May 25, 2012, Plaintiff was informed by an affidavit of publication that her vehicle would be sold if the lien was not satisfied. *Id.* at 6. Plaintiff alleges that throughout the small claims court action, she did not receive proper summonses to appear on the scheduled court dates. *Id.* at 5-6. Further, Plaintiff sought court-appointed counsel, but her request was denied. *Id.*

Section 1983 imposes liability on anyone who, under the color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, section 1983 is not a "source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (internal quotations & citations omitted). Thus, to state a claim under § 1983, a plaintiff must allege facts indicating a deprivation of rights guaranteed by the Constitution and laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *see Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted). Section 1983 "excludes from its reach merely private conduct, no matter how . . . wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation omitted); *see Armstrong v. Medlin Motors, Inc.*, No. 5:12-CV-00806-FL, 2013 WL 1912590, at *2 (E.D.N.C. Apr. 15, 2013) (unpublished) ("Although Plaintiff asserts that '[t]he conduct complained of was engaged in under color of state law,' . . . he alleges no facts demonstrating any delegation of state authority to Defendants or other relationship between

4

Defendants and the state as to render Defendants state actors for purposes of § 1983 liability"), *adopted by*, 2013 WL 1932233 (E.D.N.C. May 8, 2013); *Rodgers v. Waste Indus., Inc.*, No. 4:12-CV-294-FL, 2013 WL 4460265, at *4 (E.D.N.C. Aug. 19, 2013) (unpublished) (explaining that private action may be found to constitute state action "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.") (quoting *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. June 28, 1993)), *aff'd*, 553 F. App'x 332 (4th Cir. 2014) (unpublished). Such a limitation preserves an area of individual freedom by recognizing "that most rights secured by the Constitution are protected only against infringement by governments." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) (internal quotations omitted). Sometimes a private party's actions may be deemed "state action," but only when "the state has so dominated such activity as to convert it to state action[.]" *Philips*, 572 F.3d at 181. "Mere approval of or acquiescence in the initiatives of a private party is insufficient." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (internal quotations omitted).

Plaintiff's section 1983 claims center on two main events: (1) the Vance County Sheriff's Department's authorization for Dickerson to tow Plaintiff's vehicle when the vehicle was found outside of the jurisdiction of the Vance County Sheriff's Department and the subsequent seizure, towing, and storage of the vehicle, and (2) the denial of court-appointed counsel during the state court proceedings. Compl. [DE-1-2] at 1-6. Plaintiff does not identify the nature of her rights that

5

were violated, but does reference the Fourteenth Amendment to the United States Constitution throughout her complaint. *Id.* To the extent that Plaintiff challenges the seizure of her vehicle, she is alleging the deprivation of a property interest requiring Due Process protection under the Fourteenth Amendment. *See Everette v. White*, No. 4:14-CV-34-FL, 2015 WL 847194, at *3 (E.D.N.C. Jan. 16, 2015) (unpublished) (memorandum and recommendation construing a plaintiff's claims that his constitutional rights were violated when his vehicle was towed, damaged, and sold without permission as section 1983 claims for Fourteenth Amendment violations), *adopted by*, 2015 WL 846748 (E.D.N.C. Feb. 26, 2015); *see also Stypmann v. City & Cnty. of San Francisco*, 557 F.2d 1338, 1342 (9th Cir. 1977) ("Loss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause.") (collecting cases).

To the extent that Plaintiff is challenging the denial of appointed counsel in the civil small claims state court action, however, Plaintiff has failed to allege the deprivation of any right guaranteed by the Constitution and laws of the United States. *See Turner v. Rogers*, 131 S. Ct. 2507, 2516-17 (2011) (collecting cases discussing that "the Court previously had found a right to counsel "*only*" in [civil] cases involving incarceration"); *Lassiter v. Dept. of Social Servs. of Durham Cnty.*, 452 U.S. 18, 26-27 (1981) (discussing, in civil cases, "the presumption that there is a right to appointed counsel only where the indigent, if he is unsuccessful, may lose his personal freedom."). Thus, to the extent that Plaintiff alleges section 1983 claims based on her denial of court-appointed counsel in the state court litigation under the United States Consitution, it is recommended that those claims be dismissed. Further, to the extent that Plaintiff is alleging that she was denied appointed counsel in violation of N.C. Gen. Stat. § 7A-451, she has failed to state a claim for which relief may

6

be granted. The North Carolina Constitution guarantees the right to counsel in criminal proceedings. N.C. Const. Art. I, § 23 ("In all criminal prosecutions, every person charged with crime has the right to . . . have counsel for defense[.]"); *State v. Rodgers*, 219 N.C. App. 296, 299-300, 725 S.E.2d 342, 345 (2012) ("An accused's right to counsel in a criminal prosecution is guaranteed by both the North Carolina Constitution and the Sixth Amendment to the United States Constitution.") (citation omitted). Section 7A-451 enumerates specific instances where an indigent person is entitled to appointed counsel, but that list does not include a right to counsel in civil cases. N.C. Gen. Stat. § 7A-451. Further, where North Carolina courts have found a right to counsel in civil proceedings, they have followed the guidance of the Supreme Court in *Lassiter* and considered whether a person's personal freedom was at stake. *See McBride v. McBride*, 334 N.C. 124, 131, 431 S.E.2d 14, 19 (1993) ("In light of the Supreme Court's opinion in *Lassiter*, we now hold that principles of due process embodied in the Fourteenth Amendment require that, absent the appointment of counsel, indigent civil contemnors may not be incarcerated for failure to pay child support arrearages."). Accordingly, to the extent that Plaintiff alleges she was denied appointed counsel in violation of N.C. Gen. Stat. § 7A-451, it is recommended that those claims be dismissed.

## A.  Defendant Vance County Sheriff's Department

Plaintiff states that Defendant Vance County Sheriff's Department is included in her lawsuit because "they were the legal possessors of Indigent Plaintiff Emma Victoria Johnson Howard [sic] personal property when they contracted Defendant Raymond Earl Dickerson DBA owner of T.L. Perkinson Wrecker Service to tow and store Indigent Plaintiff Emma Victoria Johnson Howard vehicle." Compl. [DE-1-2] at 2. "State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." *Efird v. Riley*, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004)

7

(citing *Avery v. Burke*, 660 F.2d 111, 113-14 (4th Cir. 1981)). "N.C. Gen. Stat. § 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department." *Parker v. Bladen Cnty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (granting a motion to dismiss all claims against the Bladen County Sheriff's Department); *see also Hill v. Robeson Co.*, 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010) (granting a motion to dismiss all claims against the Robeson County Sheriff's Office). Accordingly, the Vance County Sheriff's Department lacks the legal capacity to be sued, and it is recommended that all claims against it be dismissed.

## B. Defendant W.B. Lilley, Sergeant of the Vance County Sheriff's Department, in his Official Capacity

Plaintiff alleges that Defendant Lilley, along with the Vance County Sheriff, were the legal possessors of her vehicle when they contacted Defendant Dickerson to tow and store it. Compl. [DE-1-2] at 2. Plaintiff has sued Defendant Lilley in both his individual and official capacities. *Id.* An official capacity suit is "'another way of pleading an action against an entity of which an officer is an agent.'" *Moore v. City of Creedmoor*, 345 N.C. 356, 367, 481 S.E.2d 14, 21 (1997) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, a claim against Defendant Lilley in his official capacity is in reality a claim against the Office of Sheriff of Vance County. *See Jones v. Houston*, No. 4:08-CV-121-F, 2010 WL 3835147, at *6 (E.D.N.C. Sept. 28, 2010) (unpublished) (determining that claims against a sheriff and a sheriff's deputy in their official capacities were actually claims against the Office of Sheriff of that county). In order to state a claim against the Office of Sheriff, Plaintiff "must allege that conduct directly causing the alleged deprivation is done to effect official policy or custom for which the official is responsible." *Sullivan v. North Carolina*,

No. 7:11-CV-238-D, 2012 WL 3762445, at *4 (E.D.N.C. Aug. 29, 2012) (unpublished) (dismissing official-capacity claims against a county sheriff and sheriff's deputies where the plaintiff "fail[ed] to plausibly contend that any county defendant was acting pursuant to any official policy or custom of the Pender County Sheriff's Department.") (citations omitted). Here, Plaintiff has made no allegations that Defendant Lilley was acting pursuant to any official policy or custom of the Vance County Sheriff's Department. Compl. [DE-1-2]. Accordingly, it is recommended that all claims against Defendant Lilley in his official capacity be dismissed.

## C.  Defendant W.B. Lilley, Sergeant of the Vance County Sheriff's Department, in his Individual Capacity

As discussed above, Plaintiff alleges that Defendant Lilley, along with the Vance County Sheriff, were the legal possessors of her vehicle when they contacted Defendant Dickerson to tow and store it. Compl. [DE-1-2] at 2. Liberally construing Plaintiff's claims pursuant to *Haines*, 404 U.S. at 520, Plaintiff has sufficiently pled a section 1983 claim against Defendant Lilley in his individual capacity based on the towing and seizure of her vehicle. *See Stypmann*, 557 F.2d at 1342 ("Loss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause."). However, to the extent that any of Plaintiff's claims against Defendant Lilley may be construed as claiming a violation of N.C. Gen. Stat. § 162-14, Plaintiff has failed to state a claim for which relief may be granted. Plaintiff alleges that the authorization by the Vance County Sheriff's Department for Defendant Dickerson to tow her car from Granville County was unlawful, as "a sheriff's power is limited to acting within his county" pursuant to N.C. Gen. Stat. § 162-14. Compl. [DE-1-2] at 2. N.C. Gen. Stat. § 162-14 is entitled "Duty to execute process," and provides that

9

[e]very sheriff, by himself or his lawful deputies, shall execute and make due return of all writs and other process to him legally issued and directed, within his county or upon any river, bay or creek adjoining thereto, or in any other place where he may lawfully execute the same.

This statute simply describes the sheriff's duty to execute legally-issued writs–it does not, as Plaintiff argues, create a private right of action based on a sheriff's allegedly wrongful actions outside of his or her county. Accordingly, to the extent that Plaintiff's claims may be construed as pleading violations of N.C. Gen. Stat. §162-14, it is recommended that those claims be dismissed.

## D. Defendant Raymond Earl Dickerson, doing business as T.L. Perkinson Wrecker Service

Plaintiff alleges that Defendant Dickerson was contacted by Defendants Vance County Sheriff's Department and Lilley to tow and store Plaintiff's vehicle. Compl. [DE-1-2] at 2. Plaintiff's allegation sufficiently states that Dickerson was acting under color of state law at the time he towed Plaintiff's vehicle because the towing was performed at the direction of the Vance County Sheriff's Department. *See Huemmer v. Mayor and City Council of Ocean City*, 632 F.2d 371, 372 (4th Cir. 1980) (noting that a towing operator was acting under color of state law when towing a vehicle at the direction of the police); *Watters v. Parrish*, 402 F. Supp. 696, 700 (W. D. Va. 1975) (determining that allegations that a private towing company which had towed automobiles at direction of the police were sufficient to allege actions taken under color of state law).

## E. Vance County District Court

Plaintiff alleges that

officials of Vance County District Court caused injury to her when the court denied counsel representation to an indigent when a magistrate judge in Small Claims Court granted an [sic] storage and mechanics lien against Indigent Plaintiff which exceeded five hundred dollars ($500.00) and Vance County District Court granted a Summary Judgment which exceeded five hundred dollars $500.00 pursuant to N.C. Gen. Stat.

10

§ 7A-451 which states an indigent is entitled to counsel representation in proceedings that are adjudge [sic].

Compl. [DE-1-2] at 1-2. Further, Plaintiff alleges that the Vance County Clerk prohibited Plaintiff from adding several of the named defendants in this lawsuit to the small claims action in Vance County District Court. *Id.* at 2. Sovereign immunity bars any claims against the Vance County District Court. "'Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits . . . .'" *Fuller v. North Carolina*, No. 1:12CV1198, 2013 WL 5817652, at *5 (M.D.N.C. Oct. 29, 2013) (unpublished), *adopted by*, (M.D.N.C. Apr. 14, 2014) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). "States and state agencies thus do not constitute 'persons' subject to suit under § 1983[.]" *Id.* (recommending that claims against the Guilford County District Court be dismissed, as it was a state agency entitled to dismissal "because the North Carolina district courts operate as part of the state's unified court system[.]"). Similarly, here, the Vance County District Court is a state agency entitled to sovereign immunity and it is recommended that the claims against it be dismissed.

### III. CONCLUSION

For the reasons stated herein, it is ORDERED that Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's claims challenging the denial of court-appointed counsel and all claims against Defendants Vance County Sheriff's Department, W.B. Lilley in his official capacity, and the Vance County District Court be dismissed. Further, to the extent that any of Plaintiff's claims may be construed as pleading violations of N.C. Gen. Stat.

§162-14, it is recommended that those claims be dismissed. Plaintiff's remaining claims are her section 1983 claims against Defendant Dickerson and against Defendant W.B. Lilley in his individual capacity, claiming Fourteenth Amendment violations due to the seizure of her vehicle.

The Clerk shall send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, the 18 day of June 2015.

Robert B. Jones, Jr.
United States Magistrate Judge