IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-00110-FL

| | |
|---|---|
| EMMA VICTORIA JOHNSON HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VANCE COUNTY SHERIFF DEPT.; W. B. LILLEY, in his personal and official capacity as a Sergeant of the Vance County Sheriff Dept; VANCE COUNTY DISTRICT COURT, and RAYMOND EARL DICKERSON, doing business as T.L. PERKINSON WRECKER SERVICE | ) ORDER ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

This matter comes before the court for review of plaintiff's pro se complaint pursuant to 28 U.S.C. §1915(e). United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. §636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that the court dismiss plaintiff's complaint in part for failure to state a complaint upon which relief may be granted. No objections to the M&R have been filed, and the time for objections has expired.

### BACKGROUND

In her complaint filed March 20, 2015, plaintiff asserts claims against defendants under 42 U.S.C. §1983 arising out of two alleged events. First, plaintiff alleges that defendant Vance County District Court failed to provide her with court-appointed counsel during a small claims action brought against her for a lien against her vehicle. Second, plaintiff alleges that defendants W.B.

Lilley ("Lilley") and the Vance County Sheriff's Department violated her rights in authorizing defendant Raymond Earl Dickerson ("Dickerson") to tow, repair, and store plaintiff's vehicle. The magistrate judge interpreted the second allegation as a §1983 claim for deprivation of a property interest requiring due process protection under the 14th Amendment.

**COURT'S DISCUSSION**

Upon careful review of the M&R, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). A party may object to the findings or recommendations of the magistrate judge, and "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Because no objections have been filed, the court reviews only for clear error, and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The magistrate judge recommends that plaintiff's complaint be dismissed in part for failure to state a claim. This court agrees, albeit in part on different grounds. Specifically, plaintiff's claim against defendant Vance County District Court challenging the denial of court-appointed counsel must be dismissed because there is no right to court-appointed counsel under either the United States Constitution or North Carolina law in a civil case except in certain limited circumstances not presented here. Lassiter v. Dept. of Social Servs. of Durham Cnty., 452 U.S. 18, 26-27 (1981); McBride v. McBride, 334 N.C. 124, 131 (1993). Moreover, Vance County District Court is immune from suit. See Briscoe v. LaHue, 460 U.S. 325, 335 (1983) (stating that absolute immunity extends to "all persons – governmental or otherwise – who were integral parts of the judicial process");

2

Jarvis v. Chasanow, 448 F. App'x 406, 406 (4th Cir. 2011) (holding that clerk's office employees, acting as a judge's designee, are entitled to quasi-judicial immunity); King v. Myers, 971 F.2d 354, 356–57 (4th Cir.1992).[1]

Additionally, plaintiff's claims against defendants Vance County Sheriff's Department and Lilley in his official capacity are dismissed for failure to state a claim on which relief may be granted. Under North Carolina law, the Vance County Sheriff Department is not a person that can be sued, and, suit against Lilley in his official capacity is the equivalent of suit against the Vance County Sheriff Department. See Moore v. City of Asheville, 396 F.3d 385, 390 (4th Cir. 2005). Accordingly, plaintiff's claims against defendants Vance County Sheriff Department, Vance County District Court, and Lilley in his official capacity must be dismissed.

By contrast, plaintiff's §1983 claims against defendants Dickerson and Lilley in his individual capacity, claiming Fourteenth Amendment violations due to the seizure of her vehicle, shall be allowed to proceed. See Everette v. White, No. 4:14-CV-34-FL, 2015 WL 847194, at *3 (E.D.N.C. Jan 16, 2015) adopted by 2015 WL 846748 (E.D.N.C. Feb 26, 2015).

**CONCLUSION**

Based on the foregoing, the court hereby ADOPTS the recommendation of the magistrate judge as its own, albeit in part on different grounds, and plaintiff's complaint is DISMISSED in part for failure to state a claim pursuant to 28 U.S.C. §1915(e). Plaintiff's claims against defendants Vance County Sheriff's Department, Vance County District Court, and defendant Lilley in his official capacity are DISMISSED. Plaintiff's §1983 due process claims against defendants

---

[1] The magistrate judge stated that the Vance County District Court was immune as a matter of 11th Amendment sovereign immunity. The court differs from this reasoning in determining that the Vance County District Court enjoys judicial immunity instead of 11th Amendment immunity.

3

Dickerson and Lilley in his individual capacity REMAIN. Pursuant to Federal Rule of Civil Procedure 4(b), plaintiff is DIRECTED to present summonses to the clerk within 14 days of the date of this order directed to defendants Dickerson and Lilley.

SO ORDERED, this the 28th day of August, 2015.

LOUISE W. FLANAGAN
United States District Court Judge

4