IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-00110-FL

| | | |
|---|---|---|
| EMMA VICTORIA JOHNSON HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| W. B. LILLEY, in his personal capacity and | ) | |
| RAYMOND EARL DICKERSON | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on defendant W.B. Lilley's motion to dismiss for failure to state a claim (DE 31), defendant Raymond Earl Dickerson's motion to dismiss for lack of jurisdiction (DE 37), and plaintiff's motion to amend the complaint. (DE 43). The issues raised are ripe for ruling. For the following reasons, the court dismisses the complaint for lack of jurisdiction and denies plaintiff's motion.

## BACKGROUND

In her complaint filed March 20, 2015, plaintiff, proceeding pro se, asserts claims against defendants under 42 U.S.C. §1983 arising out of two alleged events. (Compl. DE 1-2). First, plaintiff alleges that defendant Vance County District Court failed to provide her with court-appointed counsel in a state action in which defendant Dickerson placed a lien on said vehicle. (Id. at 3). Plaintiff also alleges that defendant W.B. Lilley ("Lilley") and defendant Vance County Sheriff Department violated her rights in authorizing defendant Raymond Earl Dickerson ("Dickerson") to tow, repair, store, and sell plaintiff's vehicle. (Id.).

On or about February 7, 2012, plaintiff reported her vehicle as stolen to the Vance County Sheriff Department. (Id. at 4). The following day, February 8, 2012, the vehicle was found in Granville County, whereupon plaintiff was notified that the vehicle could be recovered by paying the towing fee, that storage fees would accumulate at $30.00 per day, and that the vehicle was currently being fingerprinted by the Vance County Sheriff's Office. (Id., DE 1-12). On February 24, 2012, plaintiff received notice the vehicle was still in storage, and was thereafter sent a letter dated March 6, 2012, informing her that defendant Dickerson intended to sell the vehicle to satisfy a storage lien. (Id.).

Plaintiff litigated against this lien in state court and lost. Dickerson v. Howard, Case No. 12-CVD-593 (Vance County Ct. Sept. 6, 2012) (DE 1-12). Plaintiff then appealed on undisclosed constitutional grounds and lost. Dickerson v. Howard 767 S.E.2d 152, 2014 WL 6433472 (N.C. Ct. App. November 18, 2014) (DE 1-8). Appeal to the Supreme Court of North Carolina was denied on January 22, 2015. Dickerson v. Howard, 367 N.C. 813 (2015).

Upon frivolity review, the court adopted the magistrate judge's interpretation of the second allegation as a §1983 claim for deprivation of a property interest requiring Due Process protection under the 14th Amendment. (DE 8). The court dismissed claims arising out of the first event, and terminated defendants Vance County Sheriff's Department, Vance County Superior Court, and W.B. Lilley in his official capacity, with defendants Lilley and Dickerson remaining. (Id.).

On November 30, 2015, defendant Lilley filed a motion to dismiss for failure to state a claim, and thereafter defendant Dickerson filed a motion to dismiss for lack of jurisdiction. Plaintiff did not respond to either motion, but filed a motion to amend her complaint without attaching a proposed amended complaint or any other documents indicating the proposed amendments.

2

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal citations omitted). Further, "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000).

B.  Analysis

    1.  Rooker Feldman

Under the Rooker–Feldman doctrine, district courts lack subject matter jurisdiction to hear

3

Case 5:15-cv-00110-FL   Document 46   Filed 02/24/16   Page 3 of 5

actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine only applies "when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir.2006). By contrast, the doctrine does not apply where a federal plaintiff asserts a claim independent of the prior state claim, such as where the injury complained of in federal court was caused by a third party rather than by the state court judgment itself. See Exxon, 554 U.S. at 293; Davani, 434 F.3d at 719.

Plaintiff's claim against defendant Dickerson is derived from an alleged injury to plaintiff "when a magistrate judge in Small Claims Court granted [a] storage and mechanics lien [to defendant Dickerson]. . . and Vance County District Court granted . . . summary judgment" against plaintiff. (Compl. DE 1-2 at 2). Defendant Lilley is included insofar as he was the possessor of the vehicle in the course of a criminal investigation when he directed defendant Dickerson to tow the vehicle. (Id.). Moreover, plaintiff explicitly states that while she attempted to include defendant Lilley in the state court litigation, the state court actively prohibited her from doing so. (Id.).

The due process claims against defendants can only succeed to the extent that the state court judgment upholding the lien was invalid. Plaintiff therefore effectively asks the court to determine that the state courts made incorrect decisions in upholding a lien, in awarding summary judgment against plaintiff, and in refusing to join defendant Lilley to the state court litigation. As plaintiff is seeking redress for injuries allegedly caused by state court decisions, the Rooker-Feldman doctrine squarely applies, and this court lacks subject matter jurisdiction.

4

In sum, plaintiff's claims against both defendants must be dismissed.

2.   Motion to Amend Complaint

Plaintiff has also moved to amend the complaint, but has not included a proposed amended complaint. This motion must be denied because it is both futile and moot. Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile–that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir.2008) (internal quotation marks omitted). If the proposed amended complaint is nonexistent, it cannot state a claim, and can therefore be denied as futile. See Grombach v. Oerlikon Tool & Arms Corp. of America, 276 F.2d 155, 165 (4th Cir. 1960) (district court properly refused to grant plaintiff's request for leave to amend his complaint where "[n]o actual amendment was tendered.").

In the instant case, plaintiff has submitted a motion to amend the complaint without any proposed amendments or a proposed complaint, rendering the motion futile. Moreover, the motion is moot as the court now dismisses plaintiff's complaint for lack of subject matter jurisdiction. The motion must therefore be denied.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for lack of jurisdiction is GRANTED. (DE-37). Plaintiff's motion to amend the complaint is DENIED. The court is DIRECTED to close the case.

SO ORDERED, this the 24th day of February, 2016.

LOUISE W. FLANAGAN
United States District Court Judge